# In the United States Court of Federal Claims

No. 20-1949C
(Filed: March 3, 2021)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

VICTOR LEJI,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

    Plaintiff, appearing pro se, filed a complaint on December 21, 2020. It states that it is an action under the Tucker Act and alleges generally that the United States has, for the past thirty years, "framed [plaintiff] as a terrorist," prevented him from working, and "destroyed [his] health, life, family, and. . . future."[1] Compl. ¶ 1. Plaintiff goes on to allege, among other things, that the United States "subject[ed] [him] to 24/7 Surveillance" and hacked his electronics. *Id.* ¶¶ 5, 11. Plaintiff asks for $1,910,000 for the "taking of [his]. . . properties," "lost wages," and various other harms. *Id.* ¶¶ 70–81. Plaintiff further seeks the return of his lost property and a declaratory judgment that the United States has violated federal law and plaintiff's rights. *Id.* ¶ 58. Defendant filed a motion to dismiss on February 19, 2021, but we need not wait for a response because it is obvious on the face of the complaint that this court lacks jurisdiction over it.

    A plaintiff, even when proceeding pro se, must demonstrate that the court has jurisdiction over his claim. *Reynolds v. Army & Air Force*

---

[1] Plaintiff also filed a motion to proceed *in forma pauperis*. For good cause shown, that motion is granted.

*Exchange Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. This court has jurisdiction under the Tucker Act to adjudicate claims for monetary relief against the United States other than those sounding in tort.[2] 28 U.S.C. § 1491(a)(1) (2018). To invoke our jurisdiction, plaintiff must assert a claim regarding some violation of a money-mandating source of law or contract provision. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). "A statute or regulation is money-mandating. . . if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Id.* (quoting *United States v. Mitchell*, 463 U.S. 206, 219 (1983)). Plaintiff has not done so here.

We begin with the fact that none of the statutes cited in the complaint are money mandating. Plaintiff primarily cites various criminal provisions of the United States Code that do not mandate compensation by the United States, such as 18 U.S.C. §§ 371, 1519, 1801. *See* Compl. ¶¶ 13, 90, 92. Without a separate money-mandating source of law, this court lacks jurisdiction under the Tucker Act.

Furthermore, plaintiff's factual allegations sound almost exclusively in tort, which is an area of law exempted from Tucker Act jurisdiction. Aside from invoking the Takings Clause of the Fifth Amendment, plaintiff's claims include: obstruction of justice, invasion of privacy, pain and suffering, and future lost wages. *Id.* ¶¶ 72–81. Plaintiff seeks damages for "intentional infliction of emotional distress," for being "assaulted and beaten up by 2 [Department of Homeland Security] thugs," and for "harass[ment]" and "stalking." *Id.* ¶¶ 72, 77, 78. These allegations, even assumed to be true, describe tortious conduct, which is to say that they are intentional or negligent acts against plaintiff's person, a class of claims wholly excluded from Tucker Act review. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated

---

[2] The complaint is also replete with allegations regarding state and local police departments. To the extent that plaintiff's complaint concerns the federal government, the only entity cited is the Department of Homeland Security. We have jurisdiction only over claims against the federal government.

damages in cases *not sounding in tort*.") (emphasis added).

The only money-mandating source of law the plaintiff invokes is the Takings Clause. Plaintiff claims that the United States has confiscated over "20 Technical Certificates"[3] without just compensation. Compl. ¶ 70. While couched as a takings claim, this is more accurately characterized as a tort claim because plaintiff again alleges intentional or negligent misconduct against him. Therefore, as a tort claim, this court lacks jurisdiction under the Tucker Act.[4]

Furthermore, plaintiff's allegations cannot, by law, be a takings claim. Plaintiff claims that the United States seized his property pursuant to Section 806 of the Patriot Act.[5] *Id.* at ¶ 24. Plaintiff's allegations, however, do not give rise to a takings claim because "items properly seized by the government under its police power are not seized for 'public use' within the meaning of the Fifth Amendment." *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1332 (Fed. Cir. 2006) (quoting *Seay v. United States*, 61 Fed. Cl. 32, 35 (2004)). Therefore, this court lacks jurisdiction under the Tucker Act.

Because we lack jurisdiction over plaintiff's claims, his complaint must be dismissed. Accordingly, the following is ordered:

---

[3] Plaintiff claims that these certificates allowed him to obtain employment in his field. Compl. ¶ 70. They include his Associate and Bachelor degrees, "Microsoft Certified System Engineer" certifications, and other engineering- and technology-related certifications. *Id.* ¶ 27. To the extent that such a claim would survive jurisdictional scrutiny, it would fail to state a claim because plaintiff has not alleged a property interest sufficient on which to ground a federal taking. *See Am. Pelagic Fishing Co., L.P. v. United States*, 379 F.3d 1363, 1374 (Fed. Cir. 2004). Not to mention that the complaint is silent as to by whom or how these credentials were taken from him.

[4] Even if plaintiff's claim were properly characterized as a taking, it would be untimely. Plaintiff's allegations trace back to 2012. Compl. ¶ 27. A takings claim must be filed within six years after the claim first accrues. 28 U.S.C. § 2501. Therefore, plaintiff's claim, if it were a takings claim, would be untimely as he filed his complaint more than six years after his claim first accrued, and this court would not have jurisdiction.

[5] Section 806 of the Patriot Act amends the civil forfeiture statute. USA Patriot Act of 2001, Pub. L. 107-56, § 806, 115 Stat. 271, 378 (2001).

1. Plaintiff's motion to proceed *in forma pauperis* is granted.

2. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly.

3. Defendant's motion to dismiss is denied as moot. (ECF No. 7).

No costs.

s/ Eric G. Bruggink  
ERIC G. BRUGGINK  
Senior Judge